Mark J. Payne (State Bar No. 157989)
mpayne@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:    714-641-5100
Facsimile:    714-546-9035

Attorneys for Defendants
V.W.A. ASSET MANAGEMENT, INC. and VENGROFF,
WILLIAMS & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SUH, PORSHA ESCOVEDO, and SHERI LAWSON, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>        Plaintiffs,<br><br>    vs.<br><br>VWA ASSET MANAGEMENT, INC. and VENGROFF, WILLIAMS & ASSOCIATES, INC.,<br><br>        Defendants. | Case No. 5:07-cv-06123 RMW (PVT)<br><br>**ANSWER OF DEFENDANTS V.W.A. ASSET MANAGEMENT, INC. AND VENGROFF, WILLIAMS & ASSOCIATES, INC. TO COMPLAINT**<br><br>Date Action Filed:    December 4, 2007<br>Trial Date:                Not Assigned |

Defendants V.W.A. Asset Management, Inc. and Vengroff, Williams & Associates, Inc.

answer for themselves alone Plaintiffs' Complaint for Damages, Restitution and Injunctive Relief,

as follows:

    1.      Answering Paragraph 1, Defendants admit that Plaintiffs were employed by Cisco

Systems, Inc. as Sales Service Support Representatives.  Defendant V.W.A. Asset Management,

Inc. further admits that it employed Plaintiffs to work for Cisco Systems, Inc.  Except as expressly

admitted, Defendants deny the remaining allegations.  Except as expressly admitted, Defendants

deny the remaining allegations.

    2.      Answering Paragraph 2, Defendants deny these allegations.

Rutan & Tucker, LLP
attorneys at law

2101/021158-0008
873656.01 a01/28/08

-1-
ANSWER TO COMPLAINT

Case No. C07-cv-
06123 RMW (PVT))

1      3.     Answering Paragraph 3, Defendants deny these allegations.

2      4.     Answering Paragraph 4, Defendants deny these allegations.

3      5.     Answering Paragraph 5, Defendants admit that David Suh was employed as a Sales

4  Service Support Representative at the Cisco office in San Jose, California, from approximately

5  August 2006 to the present, and that he resides in Santa Clara County.  Except as expressly

6  admitted, Defendants deny the remaining allegations.

7      6.     Answering Paragraph 6, Defendants admit that Porsha Escovedo was employed as

8  a Sales Service Support Representative at the Cisco office in San Jose, California, from

9  approximately August 2005 to the present, and that she resides in Santa Clara County.  Except as

10  expressly admitted, Defendants deny the remaining allegations.

11      7.     Answering Paragraph 7, Defendants admit that Sheri Lawson was employed as a

12  Sales Service Support Representative at the Cisco office in San Jose, California, from

13  approximately June 2005 to June 2006, and that she resides in Santa Clara County.  Except as

14  expressly admitted, Defendants deny the remaining allegations.

15      8.     Answering Paragraph 8, Defendants admit and allege that V.W.A. Asset

16  Management, Inc. is a Florida corporation, which does business in California, and that Vengroff,

17  Williams & Associates, Inc. is a California corporation, which does business in California.  Except

18  as expressly admitted, Defendants deny the remaining allegations.

19      9.     Answering Paragraph 9, Defendants admit that this Court has subject matter

20  jurisdiction over Plaintiffs' federal law claim, and that this action purports to be brought under the

21  statutes cited therein.  As to the remaining allegations, Defendants lack knowledge or information

22  sufficient to form a belief as to their truth and therefore deny them.

23      10.     Answering Paragraph 10, Defendants admit that V.W.A. Asset Management, Inc.

24  conducts business in the Northern District of California, and that the events giving rise to the

25  claims allegedly occurred in this judicial district.  Except as expressly admitted, Defendants deny

26  the remaining allegations.

27      11.     Answering Paragraph 11, Defendants deny these allegations.

28      12.     Answering Paragraph 12, Defendants deny these allegations.

Rutan & Tucker, LLP
attorneys at law

2101/021158-0008
873656.01 a01/28/08

-2-
ANSWER TO COMPLAINT

Case No. 5:07-cv-
06123 RMW (PVT)

1    13.    Answering Paragraph 13, Defendants deny these allegations.

2    14.    Answering Paragraph 14, Defendants deny these allegations.

3    15.    Answering Paragraph 15, Defendants deny these allegations.

4    16.    Answering Paragraph 16, Defendants deny these allegations.

5    17.    Answering Paragraph 17, Defendants deny these allegations.

6    18.    Answering Paragraph 18, Defendants deny these allegations.

7    19.    Answering Paragraph 19, Defendants deny these allegations.

8    20.    Answering Paragraph 20, Defendants deny these allegations.

9    21.    Answering Paragraph 21, Defendants deny these allegations.

10    22.    Answering Paragraph 22, Defendants lack knowledge or information sufficient to

11    form a belief as to the truth of the allegation that Plaintiffs have retained counsel experienced in

12    complex, nationwide wage and hour class and collective action litigation and therefore denies this

13    allegation. As for the remaining allegations, Defendants deny them.

14    23.    Answering Paragraph 23, Defendants deny these allegations.

15    24.    Answering Paragraph 24, Defendants deny these allegations.

16    25.    Answering Paragraph 25, Defendants deny these allegations.

17    26.    Answering Paragraph 26, Defendants deny these allegations.

18    27.    Answering Paragraph 27, Defendants incorporate herein by reference the

19    admissions, denials and allegations contained in paragraphs 1 through 26 of this Answer as though

20    set forth here in full

21    28.    Answering Paragraph 28, Defendants deny that other individuals will sign consent

22    forms and join as plaintiffs. As to the remaining allegations, Defendants lack knowledge or

23    information sufficient to form a belief as to their truth and therefore deny them.

24    29.    Answering Paragraph 29, each Defendant admits that it is an employer within the

25    meaning of the FLSA, 20 U.S.C. § 203, but Vengroff, Williams & Associates, Inc. denies that it is

26    or ever was an employer of Plaintiffs. Defendant V.W.A. Asset Management, Inc. further admits

27    and alleges that V.W.A. Asset Management, Inc. and Cisco Systems, Inc. employed Plaintiffs Suh,

28    Escovedo and Lawson. Except as expressly admitted, Defendants deny the remaining allegations.

30.     Answering Paragraph 30, Defendants admit the allegations to the extent that they accurately summarize the law, and Defendants deny that these allegations fully and completely set forth the law, including the statutory language, any applicable regulations, and any applicable case law interpretations.  Except as expressly admitted, Defendants deny the remaining allegations.

31.     Answering Paragraph 31, Defendants deny these allegations.

32.     Answering Paragraph 32, Defendants deny these allegations.

33.     Answering Paragraph 33, Defendants deny these allegations.

34.     Answering Paragraph 34, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny them.

35.     Answering Paragraph 35, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore deny them.

36.     Answering Paragraph 36, Defendants incorporate herein by reference the admissions, denials and allegations contained in paragraphs 1 through 35 of this Answer as though set forth here in full

37.     Answering Paragraph 37, Defendants admit the allegations to the extent that they accurately summarize the law, and Defendants deny that these allegations fully and completely set forth the law, including the statutory language, any applicable regulations, and any applicable case law interpretations.  Except as expressly admitted, Defendants deny the remaining allegations.

38.     Answering Paragraph 38, Defendants deny these allegations.

39.     Answering Paragraph 39, Defendants deny these allegations.

40.     Answering Paragraph 40, Defendants incorporate herein by reference the admissions, denials and allegations contained in paragraphs 1 through 39 of this Answer as though set forth here in full.

41.     Answering Paragraph 41, Defendant V.W.A. Asset Management, Inc. admits and alleges that V.W.A. Asset Management, Inc. and Cisco Systems, Inc. employed Plaintiffs Suh, Escovedo and Lawson, and that Plaintiffs Lawson and Suh voluntarily resigned their employment. Except as expressly admitted, Defendants deny the remaining allegations.  Defendant Vengroff, Williams & Associates, Inc. also denies all of the allegations of paragraph 41, including, but not

Rutan & Tucker, LLP
attorneys at law

2101/021158-0008
873656.01 a01/28/08                                    -4-
                                            ANSWER TO COMPLAINT

Case No. 5:07-cv-
06123 RMW (PVT)

1    limited to the allegation that it is or ever was an employer of Plaintiffs.

2       42.     Answering Paragraph 42, Defendants deny these allegations.

3       43.     Answering Paragraph 43, Defendants incorporate herein by reference the

4 admissions, denials and allegations contained in paragraphs 1 through 42 of this Answer as though

5 set forth here in full.

6       44.     Answering Paragraph 44, Defendants admit the allegations to the extent that they

7 accurately summarize the law, and Defendants deny that these allegations fully and completely set

8 forth the law, including the statutory language, any applicable regulations, and any applicable case

9 law interpretations. Except as expressly admitted, Defendants deny the remaining allegations.

10       45.     Answering Paragraph 45, Defendants deny these allegations.

11       46.     Answering Paragraph 46, Defendants incorporate herein by reference the

12 admissions, denials and allegations contained in paragraphs 1 through 45 of this Answer as though

13 set forth here in full.

14       47.     Answering Paragraph 47, Defendants admit the allegations to the extent that they

15 accurately summarize the law, and Defendants deny that these allegations fully and completely set

16 forth the law, including the statutory language, any applicable regulations, and any applicable case

17 law interpretations. Except as expressly admitted, Defendants deny the remaining allegations.

18       48.     Answering Paragraph 48, Defendants admit the allegations to the extent that they

19 accurately summarize the law, and Defendants deny that these allegations fully and completely set

20 forth the law, including the statutory language, any applicable regulations, and any applicable case

21 law interpretations. Except as expressly admitted, Defendants deny the remaining allegations.

22       49.     Answering Paragraph 49, Defendants admit the allegations to the extent that they

23 accurately summarize the law, and Defendants deny that these allegations fully and completely set

24 forth the law, including the statutory language, any applicable regulations, and any applicable case

25 law interpretations. Except as expressly admitted, Defendants deny the remaining allegations.

26       50.     Answering Paragraph 50, Defendants admit the allegations to the extent that they

27 accurately summarize the law, and Defendants deny that these allegations fully and completely set

28 forth the law, including the statutory language, any applicable regulations, and any applicable case

Rutan & Tucker, LLP
attorneys at law

2101/021158-0008
873656.01 a01/28/08

-5-

ANSWER TO COMPLAINT

Case No. 5:07-cv-
06123 RMW (PVT)

1  law interpretations.  Except as expressly admitted, Defendants deny the remaining allegations.

2      51.    Answering Paragraph 51, Defendants deny these allegations.

3      52.    Answering Paragraph 52, Defendants incorporate herein by reference the

4  admissions, denials and allegations contained in paragraphs 1 through 51 of this Answer as though

5  set forth here in full.

6      53.    Answering Paragraph 53, Defendants deny these allegations.

7      54.    Answering Paragraph 54, Defendants deny these allegations.

8                          **AFFIRMATIVE DEFENSES**

9      As their separate and independent affirmative defenses in this action, and without

10  conceding that they bear the burden of proof or persuasion as to any affirmative defense,

11  Defendants allege as follows:

12                        FIRST AFFIRMATIVE DEFENSE

13                          (Failure to State a Claim)

14      The Complaint and each purported claim for relief alleged therein fails to state a

15  claim upon which relief can be granted.

16                       SECOND AFFIRMATIVE DEFENSE

17                              (Standing)

18      The Complaint, and each purported claim for relief asserted in a collective or

19  representative capacity, is barred because the named Plaintiffs lack standing to bring their

20  claims in a representative or collective capacity.

21                        THIRD AFFIRMATIVE DEFENSE

22                          (Statute of Limitations)

23      The Complaint and each purported claim for relief alleged therein are barred in

24  whole or in part by the applicable statute of limitations, including, but not limited to: 29

25  U.S.C. Section 255; California Code of Civil Procedure Sections 338(a), 340(a) and (b),

26  and 343; and California Business and Professions Code Section 17208.

27  / / /

28  / / /

1      FOURTH AFFIRMATIVE DEFENSE

2      (Not The Employer)

3          The Complaint and each purported claim for relief alleged therein are barred as to

4    Defendant Vengroff, Williams & Associates, Inc., which was not Plaintiffs' employer.

5      FIFTH AFFIRMATIVE DEFENSE

6      (Laches)

7          The Complaint and each purported claim for relief alleged therein are barred by the

8    doctrine of laches in that Defendants have been substantially prejudiced by Plaintiffs'

9    inexcusable and unreasonable delay in bringing this action.

10     SIXTH AFFIRMATIVE DEFENSE

11     (Misjoinder)

12         The Complaint, and every claim for relief alleged therein, are barred, in whole or in

13   part, as against Defendants because they are not proper party defendants, and Plaintiffs

14   have failed to join their employer, Cisco Systems, Inc.

15     SEVENTH AFFIRMATIVE DEFENSE

16     (Exemption From Overtime Provisions)

17         The Complaint and each purported claim for relief alleged therein are barred to the

18   extent that Plaintiffs and the putative class members are exempt from the overtime

19   compensation requirements of federal or California state law, including the FLSA and the

20   applicable California Industrial Welfare Commission Wage Orders.

21     EIGHTH AFFIRMATIVE DEFENSE

22     (No Liability For Hours That Are Not Working Time)

23         The Complaint and each purported claim for relief alleged therein are barred to the

24   extent that the hours for which Plaintiffs and the putative class members claim

25   compensation are not working time under federal or California state law, including the

26   applicable California Industrial Welfare Commission Wage Orders and the Fair Labor

27   Standards Act.

28   / / /

Rutan & Tucker, LLP
attorneys at law

2101/021158-0008
873656.01 a01/28/08

-7-
ANSWER TO COMPLAINT

Case No. 5:07-cv-
06123 RMW (PVT)

1    <u>NINTH AFFIRMATIVE DEFENSE</u>

2    <u>(Failure to Disclose)</u>

3    Any entitlement that Plaintiffs or any individual putative class member may

4    otherwise have had to receive compensation for allegedly unpaid wages or penalties is

5    barred to the extent that Plaintiffs or any individual putative class member prevented

6    Defendant from obtaining knowledge of meal/rest periods that were not taken.

7    <u>TENTH AFFIRMATIVE DEFENSE</u>

8    <u>(Estoppel)</u>

9    The Complaint and each purported claim for relief alleged therein is barred by the

10    doctrine of estoppel.

11    <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

12    (Unclean Hands)

13    The Complaint and each purported claim for relief alleged therein is barred by the

14    doctrine of unclean hands.

15    <u>TWELFTH AFFIRMATIVE DEFENSE</u>

16    (Bad Faith)

17    The Complaint and each purported claim for relief alleged therein, including

18    Plaintiffs' claim to proceed on a collective or representative basis, has always been, and

19    continues to be, unreasonable, in bad faith, and groundless. Plaintiffs brought this action

20    in bad faith, and Plaintiffs are thereby barred from any recovery in this action and/or from

21    proceeding in a collective or representative capacity.

22    <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

23    (No Irreparable Harm)

24    Plaintiffs and the putative class members are not entitled to any injunctive,

25    declaratory, or equitable relief because they did not suffer irreparable harm.

26    <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

27    (Adequate Legal Remedy)

28    The injury or damage suffered by Plaintiffs, if any, would be adequately

Rutan & Tucker, LLP
attorneys at law

2101/021158-0008
873656.01 a01/28/08

-8-

ANSWER TO COMPLAINT

Case No. 5:07-cv-
06123 RMW (PVT)

1  compensated in an action at law for damages.  Accordingly, Plaintiffs have a complete and

2  adequate remedy at law and are not entitled to seek equitable or declaratory relief.

3                          FIFTEENTH AFFIRMATIVE DEFENSE

4                              (No Liquidated Damages)

5         Each claim for liquidated damages contained in the Complaint is barred on the

6  ground that the acts or omissions alleged by Plaintiffs were made in good faith by

7  Defendants, and Defendants had reasonable grounds for believing that the alleged acts or

8  omissions did not violate the Fair Labor Standards Act or the California Labor Code.

9  Consequently, Plaintiffs are not entitled to liquidated damages, waiting time penalties or

10  any other penalties available under federal or California wage and hour law, and the

11  amounts of overtime pay claimed by Plaintiffs, if they are found to be entitled to any,

12  should be reduced accordingly.

13                          SIXTEENTH AFFIRMATIVE DEFENSE

14                              (Payment Of Wages)

15         The Complaint and each purported claim for relief alleged therein is barred to the

16  extent that Plaintiffs, or members of the putative class, received proper payment for all

17  hours worked.

18                          SEVENTEENTH AFFIRMATIVE DEFENSE

19                                  (Offset)

20         Defendants deny that they unlawfully failed to pay overtime wages to Plaintiffs or

21  otherwise acted improperly.  However, any entitlement that Plaintiffs or the putative class

22  members may have to overtime compensation is subject to an offset for payments

23  Plaintiffs or the putative class members received as settlement for any claims against

24  Defendants, including settlement of any wage and hour claims.

25                          EIGHTEENTH AFFIRMATIVE DEFENSE

26                              (Release And Waiver)

27         The Complaint and each purported claim for relief alleged therein is barred to the

28  extent that Plaintiffs, or members of the putative class who Plaintiffs seek to represent,

1 | have released Defendants from the claims asserted in the Complaint, as such releases
2 | constitute a waiver of the claims asserted against Defendants in the Complaint.

3 | ## NINETEENTH AFFIRMATIVE DEFENSE
4 | ### (Labor Code Section 2857)

5 | Plaintiffs are barred from any recovery in this action to the extent that they failed to
6 | perform pursuant to the terms and conditions of their employment in conformity with
7 | either the usage of the place of performance, or as directed by their supervisors as required
8 | by California Labor Code Section 2857.

9 | ## TWENTIETH AFFIRMATIVE DEFENSE
10 | ### (Labor Code Section 2856)

11 | The Complaint, and each and every purported claim for relief asserted therein, is
12 | barred to the extent that Plaintiffs failed to comply substantially with all directions
13 | concerning their employment, as required by Labor Code Section 2856.

14 | ## TWENTY-FIRST AFFIRMATIVE DEFENSE
15 | ### (Primary Jurisdiction)

16 | Plaintiffs' Complaint, and each purported cause of action set forth therein, are
17 | barred by the doctrine of primary jurisdiction in that the California state-law claims set
18 | forth in the Complaint are more properly presented to the California Division of Labor
19 | Standards Enforcement, which, pursuant to Labor Code Section 98, *et seq.*, is the
20 | administrative agency with special competence to investigate and hear employee disputes
21 | regarding the payment of wages, including orders of the Industrial Welfare Commission.

22 | WHEREFORE, Defendants V.W.A. Asset Management, Inc. and Vengroff, Williams &
23 | Associates, Inc. pray for relief as follows:

24 | 1.   Plaintiffs take nothing by their Complaint;
25 | 2.   The Complaint be dismissed with prejudice in its entirety;
26 | 3.   Defendants have judgment against Plaintiffs;
27 | 4.   Defendants be awarded their costs of suit;
28 | 5.   Defendants be awarded their attorneys' fees; and,

Rutan & Tucker, LLP
attorneys at law

1     6.     Defendants be awarded such other and further relief as the Court deems just

2   and proper.

3

4   Dated:  January 29, 2008                    RUTAN & TUCKER, LLP
                                                 MARK J. PAYNE
5

6

7   By: _____

8                                               Mark J. Payne
                                                Attorneys for Defendants
9                                               V.W.A. ASSET MANAGEMENT, INC. and
                                                VENGROFF, WILLIAMS &
10                                              ASSOCIATES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **PROOF OF SERVICE BY E-MAIL**

2    **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3        I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of
     California. I am over the age of 18 and not a party to the within action. My business address is
4    611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931. My electronic
     notification address is fpenn@rutan.com.
5
         On January 29, 2008, at  I served on the interested parties in said action the within:
6
         **ANSWER OF DEFENDANTS V.W.A. ASSET MANAGEMENT, INC. AND**
7        **VENGROFF, WILLIAMS & ASSOCIATES, INC. TO COMPLAINT**

8    by transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth as stated
     below:
9
         Matthew Helland                          Donald H. Nichols
10       NICHOLS KASTER & ANDERSON, LLP           NICHOLS KASTER & ANDERSON, LLP
         One Embarcadero Center, Suite 720        4600 IDS Center
11       San Francisco, CA 94111                  80 S. Eighth Street
         E-mail: Helland@nka.com                  Minneapolis, MN 55402
12                                                E-mail: Nichols@nka.com
         (415) 277-7235
13       FAX: (415) 277-7238                      (612) 256-3200
                                                  FAX: (612) 2150-6870
14       Attorneys for Plaintiffs
         DAVID SUH, PORSHA ESCOVEDO, and          Attorneys for Plaintiffs
15       SHERI LAWSON                             DAVID SUH, PORSHA ESCOVEDO, and
                                                  SHERI LAWSON
16
         Executed on January 29, 2008, at Costa Mesa, California.
17
         I declare under penalty of perjury under the laws of the State of California that the
18   foregoing is true and correct.

19

20   _____          _____
          Frances Penn
21        (Type or print name)                        (Signature)

22

23

24

25

26

27

28